1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

                Plaintiff,

   v.

Jannet Aurora SAUCEDA,

                Defendant.

CASE NO.:  23-cr-1298-AGS

**ORDER GRANTING JOINT MOTION TO CONTINUE AND DENYING JOINT MOTION FOR AN ENDS-OF-JUSTICE TIME EXCLUSION (ECF 25)**

The Court grants the parties' joint motion to continue the motion hearing/trial setting, which is now rescheduled for **October 10, 2023, at 3:00 p.m.** Because discovery motions are pending (ECF 21 & 22), time remains excluded under the Speedy Trial Act until "the conclusion of the hearing on, or other prompt disposition of," those motions. *See* 18 U.S.C. § 3161(h)(1)(D).

Yet the Court denies the parties' joint motion to exclude time on a secondary ground: the ends of justice. The parties offer three rationales for this request, but none of these reasons—individually or in combination— justify an ends-of-justice exclusion. *See* 18 U.S.C. § 3161(h)(7)(A)&(B). First, the parties request time "to consider the proposed plea," without explaining why this requires a month of excluded time. (ECF 25, at 2.) But "[n]egotiation of a plea bargain is not one of the factors supporting exclusion." *United States v. Ramirez-Cortez*, 213 F.3d 1149, 1155 (9th Cir. 2000) (finding that a six-week, ends-of-justice time exclusion so that the parties "could work on a plea agreement" violated the Speedy Trial Act). Second, they reference a "pending motion." (ECF 25, at 2.) Yet that is a separate, enumerated basis for automatic time-exclusion, not one that justifies an ends-of-justice exclusion. *Compare* 18 U.S.C. § 3161(h)(1)(D) *with id.* § 3161(h)(7). Finally, the parties argue that defense counsel needs time to review "cell phone discovery" that will be re-produced today or sometime soon. (ECF 25, at 2.)

Unfortunately, the parties offer no inkling of the quantity or complexity of this discovery. Without any case-specific facts, this Court cannot make the required ends-of-justice findings. For example, the Court does not have enough evidence to conclude that failing to grant additional time to review this discovery will "result in a miscarriage of justice." *See* 18 U.S.C. § 3161(h)(7)(B)(i). Nor could the Court conclude that the supplemental discovery makes this case "so unusual or so complex" that it is "unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself." *See* 18 U.S.C. § 3161(h)(7)(B)(ii).

The Court plans to rule on the discovery motions at the October 10, 2023 motion hearing. Time is automatically excluded based on those pending motions, *see* 18 U.S.C. § 3161(h)(1)(D), but not based on the ends of justice, *see id.* § 3161(h)(7).

Dated:  September 1, 2023

_____
Andrew G. Schopler
United States District Judge